[Nos. 2328 and 2421. Decided November 16, 1896.]

*In the Matter of the Assignment of H. H. Day, Insolvent:* FRANK D. DAY *et al., Appellants,* v. E. B. SINES, *Assignee, et al., Respondents.*

C. G. ALFORD AND COMPANY, *Appellants,* v. E. B. SINES, *Assignee, et al., Respondents.*

ASSIGNMENT FOR BENEFIT OF CREDITORS — DELIVERY OF DEED TO ASSIGNEE — CHATTEL MORTGAGE — ACCEPTANCE BY CREDITOR — DELIVERY.

The delivery of a deed of assignment to the assignee for the purpose of having him indorse thereon his acceptance of the trust and its return by him to the assignor for the purpose of having it recorded by the latter, does not constitute such a delivery as will give the deed priority over chattel mortgages which had been duly executed, delivered and recorded prior to the record of the deed of assignment.

The leaving of a fully executed chattel mortgage with the attorney for the mortgagee constitutes a delivery to the latter.

Where a debtor has been requested by creditors to give them security upon his property whenever it shall become necessary to protect their interests, the execution by him and placing of record of chattel mortgages in their favor will be presumed to be with their consent and consequently effective as a valid delivery.

Appeal from Superior Court, Pierce County.—Hon.
EMMETT N. PARKER, Judge.   Reversed.

*Johnson Nickeus,* and *Marshall K. Snell,* for appel-
lants:

An assignee, under the general assignment law,
takes no better title than his assignor had and is
affected by all the equities existing as against him.
The right of a general creditor is limited to property
that passes by the assignment, and is limited also to
the property in the condition in which it passes.  A
chattel mortgage to secure a valid debt given before
the execution of an assignment for the benefit of
creditors, but not filed until after the assignment is
executed, is not void as against the assignee and
creditors for the want of filing, unless it is shown
that creditors are represented who became such after
the making and before the filing of the mortgages.
*Wilson v. Esten,* 14 R. I. 621; *Hawks v. Pritzlaff,* 51
Wis. 160; *Wakeman v. Barrows,* 41 Mich. 363; *Merwin
v. Austin,* 58 Conn. 34; *Shaw v. Glen,* 37 N. J. Eq. 35;
*Stewart v. Platt,* 101 U. S. 731; *Keller v. Smalley,* 63
Tex. 512.

Creditors attacking conveyances by an insolvent for
fraud must do it through the assignee, and if a chat-
tel mortgage by the assignor is good against the
assignee it is good against creditors.    *Jacobi v.
Jacobi,* 14 S. W. 736;   *Rumsey v. Town,* 20 Fed.
558; *Yates v. Dodge,* 13 N. E. 847; *Lowe v. Wing,* 56
Wis. 31; *Hach v. Hill,* 14 S. W. 739; *Brown v. Brabb,*
34 N. W. 403; *Belding v. Frankland,* 8 Lea, 67 (41 Am.
Rep. 630); *O'Hara v. Jones,* 46 Ill. 288; *Roberts v. Cor-
bin,* 26 Iowa, 315 (96 Am. Dec. 146); *Wakeman v.
Barrows,* 41 Mich. 363.

Some time prior to the execution of the note and

mortgage to Emma L. Day she had stated to her husband that she wanted security for 'her claim. When the note was delivered to her her husband stated that a mortgage would be executed to secure the same, and this was done on the next day and filed for record. This was a sufficient delivery under the facts in this case. *Thayer v. Stark*, 6 Cush. 11; *Enworth v. King*, 50 Mo. 477; *Molineux v. Coburn*, 6 Gray, 124; Herman, Chattel Mortgages, § 64.

*Murray & Christian, Hudson & Holt, Easterday & Easterday, Doolittle & Fogg*, and *Sharpstein & Blattner*, for respondents :

By the execution and delivery of the deed of assignment to, and the acceptance of the trust by, the assignee, the title to all the property of the insolvent vested, *eo instante* that the trust was accepted, in the assignee for the benefit of all the insolvent's creditors, in proportion to the amount of their respective claims, to be dealt with in the manner pointed out by law, under the supervision of the court. That instant the rights of all creditors, with reference to the insolvent's estate, were unalterably fixed. If at that time the estate of the insolvent was not charged with liens, as against the insolvent's creditors, for whom the assignee thereafter held it, no action could be taken or act performed by any person that would secure for any creditor anything other than a *pro rata* share of the trust estate. *Warner v. Jaffray*, 96 N. Y. 248 (48 Am. Rep. 616); *McKinney v. Rhoads*, 5 Watts, 345; *Johnson v. Sharp*, 31 Ohio St. 611 (27 Am. Rep. 529); *Stamp v. Case*, 41 Mich. 267 (32 Am. Rep. 156); *Marston v. Coburn*, 17 Mass. 454; *Brevard v. Neely*, 2 Sneed, 164; *Wadleigh v. Merkle*, 57 Wis. 517; *Klapp v. Shirk*, 13 Pa. St. 589.

The assignee of an insolvent debtor takes the estate

for the benefit of all creditors of the insolvent in proportion to the amount of their respective claims, free from liens thereon by virtue of unrecorded mortgages, declared by the laws of the various states to be void as to creditors. *Bingham v. Jordan*, 1 Allen, 373 (79 Am. Dec. 748); *Hanes v. Tiffany*, 25 Ohio St. 549; *Becker v. Anderson*, 9 N. W. 640; *Withrow v. Citizens' Bank*, 40 Pac. 639; *Lockwood v. Slevin*, 26 Ind. 124; *Goodrich v. Michael*, 3 Colo. 77; *Story v. Cordell*, 33 Pac. 6; *Blandy v. Benedict*, 42 Ohio St. 295; *Betz v. Snyder*, 28 N. E. 234; *Beamer v. Freeman*, 24 Pac. 169.

The opinion of the court was delivered by.

HOYT, C. J.—A motion to dismiss the appeal has been interposed in one of the above named cases for the reason that all parties who had appeared therein had not been served with notice. But in our opinion the record disclosed facts which authorized the appellants to assume that those served represented all necessary parties. The motion will be denied.

On December 28, 1895, H. H. Day, the insolvent herein, executed his three chattel mortgages, one to F. D. Day, one to Emma L. Day and one to C. G. Alford & Company. These mortgages were all left with Johnson Nickeus, who had prepared them, for execution, who, being called away from his office requested his brother William D. Nickeus to have them recorded in the auditor's office on said 28th day of December. They were not recorded on that day, but were on the Monday following, the 30th day of December, filed for record by William D. Nickeus, who caused the entry to be made that they were filed at the request of Johnson Nickeus. On said 30th day of December, before said mortgages were recorded, the mortgagor, H. H. Day, made an assignment for the benefit of his

creditors to one J. W. Cloes. This assignment, after having been prepared and executed by said Day, was by him handed to the assignee therein named, who indorsed thereon, " I hereby accept the trust created by the above instrument and agree faithfully to perform the same," and signed said indorsement, and immediately returned the deed of assignment to the assignor who took it to the auditor's office and caused it to be recorded; but it was not so recorded until after the recording of the chattel mortgages hereinbefore mentioned.

Thereafter, in the matter of the assignment of said H. H. Day, the several mortgagees presented their claims founded upon said mortgages and the notes secured thereby, and asked that they be allowed as preferred claims. Objections to such allowance were duly made, and such proceedings were had in the matter that the superior court found that the several mortgages were executed by said Day for the purpose of securing *bona fide* claims held by the mortgagees against him; that of Frank D. Day and that of C. G. Alford & Company being for the full amount of the mortgages, and that of Emma L. Day in an amount a little less than that named in the mortgage. The court further found that these mortgages were executed in good faith, and without any contemplation on the part of the mortgagor to take the benefit of the insolvent act. It, however, refused to order that the claims founded thereon should be given any preference over others by reason of the fact that they were secured by these mortgages, for the reason that in its opinion the mortgages did not take effect as against the assignee of the mortgagor because they were not recorded until after the assignment had taken effect, and the said several mortgages were held to be void

34—15 WASH.

and of no effect as against said assignee or his successor, who had been duly elected by the creditors of the insolvent. From this order the claimants F. D. Day and Emma L. Day have joined in an appeal to this court, and the claimants C. G. Alford & Company have also prosecuted an appeal therefrom.

Both appeals involve the same questions and will be considered together. From the facts above recited the superior court was of the opinion that the deed of assignment was delivered and took effect at the time it was handed to the assignee and his acceptance of the trust indorsed thereon, and for that reason held that it was superior to the mortgages which, though executed, were not at that time on record. But in our opinion what was done at the time did not constitute a delivery of the deed of assignment so as to give it effect. It is not necessary for us to decide as to whether such deeds of assignment become effective and irrevocable before they have been recorded in the proper office, when delivered to and retained by the assignee therein named, for the reason that the facts proven did not show that the assignor had so parted with the possession of the deed in question as to divest him of the right to control it. The simple fact of its delivery to the assignee for the purpose of having his acceptance of the trust indorsed thereon, taken in connection with the fact that such indorsement was made in the presence of the assignor, who at once thereafter resumed possession of the instrument, was not sufficient to show an intention on his part to divest himself of the right to retain possession of the deed to dispose of as he saw fit. If, after having resumed possession of the deed, he had destroyed it, he would have been guilty of no wrongful act.

In our opinion the deed was not so delivered that it

took effect until it was presented for record in the auditor's office, and since this was not done until after the chattel mortgages had all been recorded, the property of the insolvent passed to the assignee charged with the lien of these mortgages, if they had been properly executed and delivered at the time they were recorded. That they were executed in good faith and for a valuable consideration was expressly found by the trial court, and as to the one to F. D. Day, there could be no question as to its delivery. It was fully executed and left as an effective instrument with the attorney for the mortgagee. As to the others, the person with whom they were left with instructions to have them recorded was not the agent or attorney of the mortgagees, yet, under the circumstances disclosed by the undisputed evidence, these mortgages, when recorded, were so delivered that they became effective. The mortgagor had been requested by the mortgagees to give them security upon his property, and he had agreed to do so whenever it became necessary to protect their interests. This being so, we think that the execution of the mortgages and the placing them upon record will be presumed to have been by their consent, and, if it was, they were sufficiently delivered.

The order appealed from will be reversed so far as it affects the rights of any of these appellants, and their claims against the insolvent estate will, to the extent to which they have been found to be *bona fide*, be given a preference over those of unsecured creditors in the settlement of the estate of the insolvent, and as a part of such claims the costs of appellants will be included.

ANDERS and GORDON, JJ., concur.

DUNBAR, J., dissents.